UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LANETTE S. GATHERS,**          CASE NO.
    **Plaintiff,**

vs.

**FRANK McKEITHEN,**
**in his official capacity as the,**
**SHERIFF OF BAY COUNTY,**
**and AMBER HUNTER, individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, LANETTE S. GATHERS, hereby sues Defendants FRANK McKEITHEN, in his official capacity as the SHERIFF OF BAY COUNTY, and AMBER HUNTER, individually, and alleges:

### NATURE OF THE ACTION

1. This is an action for damages and injunctive relief, brought under the common law of Florida and pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color or state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution and laws of the United States, and to 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal

question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).   Demand is made herein for an amount in excess of Seventy Five Thousand Dollars ($75,000).  Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## THE PARTIES

2.     At all times pertinent hereto, Plaintiff LANETTE S. GATHERS ("GATHERS" or "Plaintiff") has been a resident of the State of Florida.  She is thus *sui juris*.

3.     At all times pertinent hereto, Defendant FRANK McKEITHEN, in his official capacity, was the SHERIFF OF BAY COUNTY ("SHERIFF").  This Defendant has been organized and existing under the laws of the State of Florida.

4.     On information and belief, at all times pertinent hereto, in addition to working in Bay County, Florida, Defendant AMBER HUNTER ("HUNTER") has been a resident of Florida.

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     On or about March 15, 2009 Plaintiff was involved in an alteration with her live-in boyfriend, Jeramy Moody. This altercation occurred within the confines of her home, and not in any manner within the public. During the relevant period hereto, Plaintiff was pregnant, and as a result was susceptible to damage to her unborn fetus.

7.     During this altercation, Moody struck Plaintiff, and as a result she contacted

Defendant SHERIFF via a 911 emergency call. Defendant HUNTER responded to Plaintiff's location, and during this investigative response, HUNTER was informed by Moody that he had struck the Plaintiff. The SHERIFF through Defendant HUNTER failed to arrest Moody, and instead left the Plaintiff, who was pregnant, and Moody at the residence, despite that Moody had struck the Plaintiff.

8. Thereafter, Defendants were again called this time by Moody. Defendant HUNTER responded again to Plaintiff's location. During this second visit, Plaintiff inquired to Defendant HUNTER as to why she had not arrested Moody on the prior visit. Defendant HUNTER provided no response, and when Plaintiff then stated that she was going to file a complaint with Defendant SHERIFF regarding the lack of arrest and her treatment, Defendant HUNTER then placed Plaintiff in handcuffs and detained her for aggravated assault.

9. No aggravated assault was committed by Plaintiff. These allegations were false and contrived by HUNTER, and Moody expressed no desire to press any charges against Plaintiff. Defendant HUNTER persisted in attempting to persuade Moody to press charges so that Plaintiff would be arrested. During such exchange Defendant HUNTER also repeatedly questioned the Plaintiff about her employment as a correctional officer.

10. Thereafter Plaintiff was then placed into custody for the supposed aggravated assault. Defendant HUNTER was motivated to press charges soley because the Plainitff questioned why there had been no arrest on the initial visit, and the fact that she had stated her intention to file a complaint against Defendant HUNTER.

11. The above referenced aggravated assault charge was dismissed through a "no information" by the Fourteenth Judicial Circuit on or about April 20, 2009.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under 42 U.S.C. §1988.

## COUNT I

### FIRST AMENDMENT RETALIATION CLAIM FOR SPEECH AND EXPRESSION – AGAINST HUNTER

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. This count sets forth a claim against HUNTER for the violation of Plaintiff's First Amendment rights, applicable through the Fourteenth Amendment and brought pursuant to 42. U.S.C. §1983.

15. Plaintiff is entitled to First Amendment protection of her rights to freedom of speech and expression, in that she made statements as a citizen on matters of public concern, and was the victim of retaliation therefor. Specifically, during Plaintiff's interaction with Defendant HUNTER, Plaintiff stated that she intended to file a complaint regarding her treatment at the hands of the Defendants.

16. After engaging in protected speech and expression as related in part above, Plaintiff was the victim of a retaliatory and baseless arrest as set forth in part above. Defendant HUNTER infringed upon Plaintiff's constitutionally protected interests in freedom of speech and expression by arrested her in retaliation for exercising her protected

4

rights to speech and expression.

17. HUNTER's conduct, as described in part above in arresting the Plaintiff, is the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights to speak and express. HUNTER's actions were in violation of Plaintiff's clearly established right under the First Amendment to the United States Constitution to be free from retaliation motivated by the exercise of her First Amendment rights of speech and expression. The actions and inactions of HUNTER were taken under color of law with the intent to harm Plaintiff. These actions and inactions were malicious and willful.

18. As a direct and proximate result of the actions taken against her by the individual defendant, Plaintiff arrested. Plaintiff has suffered economic and other tangible damages. She has also sustained emotional pain and suffering damages, loss of capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are certain to occur into the future. Plaintiff is also entitled to punitive damages.

## COUNT II

### FALSE ARREST AGAINST SHERIFF

19. Paragraphs 1 through 12 are hereby realleged and incorporated herein by reference.

20. This is an action against Defendant SHERIFF for false arrest under Florida common law. Count II is pled in the alternative.

21. Plaintiff is entitled to relief against Defendant SHERIFF in that on March 15, 2009, SHERIFF, through its employees and agents, intentionally and unlawfully arrested and restrained Plaintiff against her will, deprived Plaintiff of her liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time. The actions by the employees and agents of Defendant SHERIFF, specifically Defendant HUNTER, were committed within the course and scope of their employment with Defendant SHERIFF.

22. This unlawful restraint of Plaintiff's liberty was also accomplished by Defendant's agents confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where she did not wish to go. Defendants restrained Plaintiff without any justification and in the absence of probable cause.

23. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her places of confinement.

24. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

## COUNT III

### FALSE ARREST AGAINST HUNTER

25. Paragraphs 1 through 12 are hereby realleged and incorporated herein by reference.

26. This is an action against Defendant HUNTER in her individual capacity. Count III is pled in the alternative. For the purpose of this Count alone, HUNTER was acting outside the course and scope of her duties and employment with the SHERIFF.

27. Plaintiff is entitled to relief against Defendant HUNTER in that this Defendant intentionally and unlawfully arrested and restrained Plaintiff against her will; deprived Plaintiff of her liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

28. This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where the Plaintiff did not wish to go. Defendant restrained Plaintiff without any justification and in the absence of probable cause.

29. At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against her will, and without consent, so that the Plaintiff was not free to leave her place of confinement. This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

30. As a direct and proximate cause of these Defendant's actions, Plaintiff has

been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable. Plaintiff is entitled to punitive damages against Defendant HUNTER.

## COUNT IV

### MALICIOUS PROSECUTION AGAINST HUNTER

31. Paragraphs 1 through 12 are hereby realleged and incorporated herein by reference.

32. This is an action against Defendant HUNTER for malicious prosecution. Count IV is pled in the alternative. For the purpose of this Count alone, HUNTER was acting outside the course and scope of her employment with SHERIFF.

33. On or about March 15, 2009, Defendant HUNTER caused the commencement and/or continuation of a criminal proceeding against Plaintiff. The proceeding had a bona fide termination in Plaintiff's favor in that the charges against Plaintiff were announced no information.

34. There was no probable cause or reasonable basis in fact or in law for HUNTER to cause the commencement of the criminal proceedings against Plaintiff.

35. Defendant HUNTER acted with malice in initiating the criminal proceedings against Plaintiff and in making her arrest and this Defendant knew that her actions against

8

Plaintiff were not supported by even arguable probable cause.

36. As a direct and proximate cause of this Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein. Plaintiff is entitled to punitive damages against Defendant Officer.

## COUNT V- FOURTH AMENDMENT VIOLATION

37. Plaintiff re-alleges paragraphs 1 through 12 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against both Defendants under and through 42 U.S.C. §1983.

38. Defendants operated to violate Plaintiffs rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from being falsely arrested. All such claims are applicable to Defendants under the Fourteenth Amendment.

39. These violations were of the type and character as to which any reasonable person would be aware. There was no probable cause to arrest Plaintiff and at the moment the arrest of the Plaintiff was made, the facts and circumstances within Defendants' knowledge and of which they had reasonably trustworthy information were not sufficient to warrant a prudent man or woman in believing that Plaintiff had

9

committed or was committing an offense.

40. Defendants are persons under applicable law and are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution

41. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

42. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff' rights, and were taken without any lawful justification and/or in the absence of probable cause.

43. Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff.  The law was well settled and clearly established that the actions of the Defendants' constituted false arrest at the time the actions by these Defendants were committed.

44. The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff  when they knew of and disregarded the facts or absence thereof and caused Plaintiff's arrest.

45. Defendant SHERIFF acted with deliberate indifference in the failure to

adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to a person like Plaintiff.

46. Defendant SHERIFF also failed to implement adequate hiring, training, staffing and supervisory procedures to properly identifying suspects of crimes, to identify officers like HUNTER who falsified facts to support probable cause to arrest a person like Plaintiff, and to prevent deputies from soliciting false affidavits to support probable cause affidavits.  Defendant SHERIFF also failed to implement adequate procedures to investigate constitutional violations by its officers and to impose discipline on then, specifically HUNTER, when they engage in constitutional violations.

47. Defendant SHERIFF thus engaged in a custom and practice of allowing HUNTER to make false statements in judicial proceedings with immunity.  After knowledge, time after time, that she was making up facts to support criminal charges brought by her, SHERIFF did nothing.  Consequently, it condoned and approved her actions and she acted in accordance therewith.  Defendant SHERIFF's failure to train, supervise, investigate and discipline HUNTER constitutes either an improper policy or the absence of a policy of the Defendant SHERIFF which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.  The actions of Defendants resulted in the violation of Plaintiff's constitutional rights.

48. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of

capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

49. Based on the willful and malicious conduct of Defendant HUNTER as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against her sued in her individual capacity.

50. Plaintiff has been forced to retain counsel to represent her to vindicate her rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to an award of reasonable attorneys fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

© enter judgment against Defendants and for Plaintiff awarding compensatory and punitive damages to Plaintiff from

Defendants violations of law enumerated herein;

(d)     enter judgment against Defendant SHERIFF in his official capacity for all relief to which Plaintiff is entitled including a permanent injunction to enjoin future violations of law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 12th day of March, 2012

        Respectfully submitted,

        s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P.A.
        310 East Bradford Road
        Tallahassee, FL 32303
        Telephone: (850) 383-4800
        Facsimile: (850) 383-4801

        ATTORNEY FOR PLAINTIFF